<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS A. RODRIGUEZ, | Civil Action No. 21-12801 (BRM) |
| Petitioner, | |
| v. | **OPINION** |
| MICHAEL ANGELO, et al., | |
| Respondents. | |

**MARTINOTTI, DISTRICT JUDGE**

Petitioner Louis A. Rodriguez ("Petitioner") is a sexual violent predator ("SVP") currently involuntarily committed at the Special Treatment Unit in Avenel, New Jersey. He is proceeding *pro se* with a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondents filed a Motion to Dismiss the Petition as second or successive. (ECF No. 4.) For the reasons expressed below, the Court Respondents' Motion to Dismiss is **GRANTED**.

**I. BACKGROUND**

As discussed in this Court's earlier Opinion, Petitioner previously filed a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction and sentence, and this Court dismissed that petition as untimely. (*See* Civ. No. 18-12570, ECF No. 6.)

On February 24, 2012, Petitioner pled guilty to burglary, N.J. Stat. Ann. § 2C:15-2 and sexual assault, N.J. Stat. Ann. § 2C14-2B, charges which were contained in superseding indictment number 11-01-0124. (ECF Nos. 4-7, 4-10 & 4-13.) Petitioner was sentenced to six years, subject to an eighty-five percent parole ineligibility period under the No Early Release Act, N.J. Stat. Ann.

§ 2C:43-7.2, three years of mandatory supervision, and parole supervision for life. (ECF No. 4-13.)

Petitioner filed a notice of appeal related to his sentence, which was denied by the Appellate Division on February 11, 2014. *State v. Rodriguez*, No. A-1470-13 (App. Div. Feb. 11, 2014). Petitioner did not file a petition for certification with the New Jersey Supreme Court.

On February 9, 2016, Petitioner filed a *pro se* Petition for Post-Conviction Relief ("PCR"). (ECF No. 4-17.) On March 2, 2018, the PCR court denied the petition. (ECF No. 4-21.) Petitioner filed a notice of appeal with the Appellate Division, arguing "trial counsel failed to communicate with [Petitioner] in Spanish, his native language, and specifically failed to inform him of the consequences of civil commitment," and "trial counsel was ineffective for failing to discuss exculpatory evidence with [Petitioner], and commitment under the Sexual Violent Predator Act, N.J.S.A. § 30:4-27.24 to -27.38, violates the United States and New Jersey Constitutions." *State v. Rodriguez*, No. A-4333-17T4, 2019 WL 5092933, at *1 (N.J. Super Ct. App. Div. Oct. 11, 2019.) On October 11, 2019, the Appellate Division affirmed the PCR court's denial. *Id.* On April 9, 2020, the New Jersey Supreme Court denied Petitioner's petition for certification. *State v. Rodriguez*, 228 A.3d 214 (N.J. 2020). On April 9, 2021, the New Jersey Supreme Court denied Petitioner's request for reconsideration of the denial of certification. *State v. Rodriguez*, 248 A.3d 386 (N.J. 2021). While his first PCR appeal was pending, Petitioner filed a second PCR petition, which was dismissed on July 24, 2018. (ECF No. 4-23.)

On July 22, 2018, while Petitioner's notice of appeal to the Superior Court was pending, Petitioner filed his first petition for writ of habeas corpus. (Civ. No. 18-12570, ECF No. 1.) Petitioner raised several claims: (1) trial counsel was ineffective for failing to investigate before allowing Petitioner to plead guilty; (2) failing to provide an interpreter before Petitioner signed the

plea form; and (3) failing to inform him about the consequences of his plea, including civil commitment. (*Id.*) On May 20, 2019, this Court dismissed Petitioner's first §2254 petition as untimely. (Civ. No. 18-12570, ECF No. 6.) The Court found the one-year statute of limitations period expired on March 5, 2015 and "[Petitioner's] habeas [p]etition, filed on July 22, 2018, was therefore over three years late." (*Id.* at 4.) Petitioner filed a motion for reconsideration, which the Court denied on January 29, 2021. (Civ. No. 18-12570, ECF Nos. 8, 10 & 11.)

On June 22, 2021, Petitioner filed the instant Petition, his second § 2254 Petition. In the Petition, Petitioner contends that: (1) ineffective assistance of trial counsel for failing to "obtain evidence"; and (2) ineffective assistance of trial counsel for failing to "disclose exculpatory evidence, specifically lack of victim statements, lack of physical evidence or other evidence." (ECF No. 1, at 7.)[1]

Respondents subsequently filed the instant motion to dismiss, arguing that the petition is a second or successive petition. (ECF No. 4.) Petitioner has not filed any opposition or other response to the motion. The matter is now ripe for decision without oral argument. Fed. R. Civ. P. 78(b).

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

---

[1] Pin cites to ECF No. 1 are to the pagination automatically generated by the CM/ECF.

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DECISION

Respondents argue in their motion to dismiss that this matter presents a second or successive habeas petition filed without leave of the Court of Appeals, and that Petitioner's habeas petition must be dismissed as a result.

The Antiterrorism and Effective Death Penalty Act limits a district court's jurisdiction over second or successive § 2254 petitions. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Cases similarly provides that, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3)

and (4)." Absent this authorization, the Court lacks jurisdiction over any second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.").

However, a habeas petition is not a "second or successive" petition merely because it is the second or later in time petition which the petitioner has filed after his initial conviction. *See, e.g., Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Subject to exceptions not relevant here, a petition is second or successive if: (1) a court decided an earlier petition on the merits; (2) the prior and new petitions challenge the same conviction; and (3) the petitioner could have raised the new claims in the earlier petition. *See United States v. Irizarry*, No. 00-333, 2014 WL 7331940, at *3 (D.N.J. Dec. 18, 2014); *Candelaria v. Hastings*, No. 12-3846, 2014 WL 2624766, at *3 (D.N.J. June 12, 2014) (listing exceptions).

The Court decided Petitioner's first §2254 petition on the merits in May 2019, dismissing it as untimely. (Civ. No. 18-12570, ECF No. 6.) Courts have held "that the dismissal of a first federal petition as untimely constitutes an adjudication on the merits, rendering any later-filed petition 'second or successive.'" *Taylor v. Bonds*, No. 17-7270, 2017 WL 6514603, at *2 (D.N.J. Dec. 20, 2017) (listing cases); *Woodard v. Wetzel*, No. 02-8543, 2016 WL 773210, at *3 n.6 (E.D. Pa. Feb. 29, 2016) (same); *see also Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013). Additionally, both Petitioner's prior petition and the instant Petition challenge Petitioner's conviction for burglary and sexual assault under superseding indictment number 11-01-0124. (Compare ECF No. 1, with, Civ. No. 18-12570, ECF No. 1.) Finally, Petitioner raises ineffective assistance of counsel claims, which could have been raised in his first petition. Accordingly, the instant Petition is second or successive.

Petitioner does not state that he has received permission from the Third Circuit to file this second or successive petition; rather, Petitioner denies ever having filed a previous § 2254 petition. (*See* ECF No. 1, at 14.) Because Petitioner has not received permission from the Third Circuit to file his second or successive petition, this Court lacks jurisdiction. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. It is not in the interest of justice to transfer this case to the Third Circuit, as the Court previously dismissed Petitioner's first § 2254 petition raising ineffective assistance of counsel claims as time barred. (Civ. No. 18-12570, ECF No. 6.) Petitioner does not make any arguments as to why the current Petition, which was filed nearly three years after Petitioner's initial untimely § 2254 petition, would not also be time barred. Therefore, it would be futile to transfer this Petition to the Third Circuit.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with this Court's conclusion that it lacks

jurisdiction over Petitioner's second or successive § 2254 Petition. Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed above, Respondents' Motion to Dismiss (ECF No. 4) is **GRANTED** and the Petition for lack of jurisdiction is **DISMISSED**. The Petitioner's motion for pro bono counsel (ECF No. 5), motion for to suppress evidence (ECF No. 7), motion to for support for habeas new discovery evidence (ECF No. 10), and letter request for entry of default (ECF No. 13) are **DISMISSED** as moot. A certificate of appealability shall not issue. An appropriate Order accompanies this Opinion.

An appropriate order follows.

Dated: January 21, 2022

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE